UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

FILED
MAY 19 2014
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

KENNETH R. FLAUM, Individually, :
:
    Plaintiff, :
vs. :
: Case No. 4:14cv57
NICKERSON PLAZA ASSOCIATES, :
:
    Defendant. :
_____/ :
:

## COMPLAINT

Plaintiff, KENNETH R. FLAUM, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, NICKERSON PLAZA ASSOCIATES (sometimes referred to as "Defendant"), for Injunctive Relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and damages pursuant to Virginia law and states as follows:

### JURISDICTION AND PARTIES

1. Plaintiff, Kenneth R. Flaum, is an individual residing in Gloucester, VA, in the County of Gloucester.

2. Defendant's property, Nickerson Plaza, is located at 2020 Nickerson Boulevard, Hampton, VA 23663.

3. Venue is properly located in the Eastern District of Virginia because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Kenneth R. Flaum is a Virginia resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Flaum has a service-connected disability and has been evaluated at 100% disabled. Mr. Flaum has back fusions, has rheumatoid arthritis, and had two hip replacements, and uses the aid of a scooter for mobility. Mr. Flaum is permanently disabled due to his service connected disabilities, and he is substantially limited in performing one or more major life activities, including walking. Kenneth R. Flaum has visited the property which forms the basis of this lawsuit and plans to return to the property, once it is made fully accessible, to avail himself of the goods and services offered to the public at this property. The Plaintiff has encountered architectural barriers at the subject shopping center, which have limited his access to the Defendant's property, and to the goods, services, facilities, privileges, advantages, and accommodations offered at Defendant's property, and have limited his ability to park at the premises, to maneuver curb ramps at the premises, to reach the counters, and to use the restroom. The ADA violations and barriers to access at this shopping center are more specifically set forth in this Complaint.

## COUNT I

## (VIOLATION OF TITLE III OF THE ADA) (INJUNCTIVE RELIEF DEMANDED)

The allegations set forth in paragraphs 1-5 above are incorporated by reference as if fully set forth herein.

6. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The

place of public accommodation that the Defendant owns, operates, leases or leases to is known as Nickerson Plaza, and is located at located at 3815 Kecoughtan Road.

7. Kenneth R. Flaum has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in paragraph 9 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Kenneth R. Flaum desires to visit the Nickerson Plaza not only to avail himself of the goods and services available at this facility but to assure himself that this facility is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C. § 12182 et seq.

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). The preliminary inspection of the Nickerson Plaza has shown that violations exist. These violations personally encountered by Kenneth R. Flaum include, but are not limited to:

    a. There are accessible features throughout this facility that have not been maintained as specified in § 36.211 of 28 CFR Part 36, making it difficult and dangerous for the plaintiff or any other individual with similar mobility impairments to access those features. The resolutions of these conditions are readily achievable.

**Parking and Accessible Routes**

a. The parking space at the Family Dollar tenant space does not have an access aisle as required in §502.3 of the 2010 ADA Standards for Accessible Design. The lack of an access aisle makes this parking space unusable for the plaintiff or any other individual with similar mobility impairments to access those features. The resolution of this condition is readily achievable.

b. The cross slope of the curb ramp that serves the out parcel housing the Dunkin Donuts tenant space exceeds the maximum allowed in §405.3 of the 2010 ADA Standards for Accessible Design. In addition there is no landing at the top of this curb ramp as required in §406.4. The lack of a top landing and the excessive cross slope make this curb ramp unusable for the plaintiff or any other individual with similar mobility impairments to access those features. The resolution of this condition is readily achievable.

c. There are changes in level greater than ½" along the accessible route in this facility contrary to the requirements of § 303.3 of the 2010 ADA Standards for Accessible Design. These changes in level create a dangerous situation for the plaintiff or any other individual with similar mobility impairments to access those features. The resolution of this condition is readily achievable.

**Access to Goods and Services**

a. There is no signage identifying the accessible check-out aisle(s) in the Food Lion tenant space as required in §216.11 of the 2010 ADA Standards for Accessible Design. This condition makes it difficult for the plaintiff or any other individual with

similar mobility impairments to identify accessible check-out. The resolution of this condition is readily achievable.

    b    The height of the service counter in the Food Lion tenant space exceeds the maximum allowed in §904.4.1 of the 2010 ADA Standards for Accessible Design. This condition makes it difficult for the plaintiff or any other individual with similar mobility impairments to conduct business at this location. The resolution of this condition is readily achievable.

.**Restrooms**

    a.    The maneuvering clearance provided at the men's accessible restroom door is less than the minimum allowed in §404.2.4.1 of the 2010 ADA Standards for Accessible Design. This condition makes it difficult for the plaintiff or any other individual with similar mobility impairments to enter or exit the accessible restroom. The resolution of this condition is readily achievable.

    b.    The location of the flush control on the W/C in the lady's accessible restroom in the Food Lion tenant space does not comply with the requirements of §604.6. The resolution of this condition is readily achievable.

    c.    The faucets that are provided at the lavatory of the men's accessible restroom in the Food Lion tenant space do not comply with §606.4 of the 2010 ADA Standards for Accessible Design. The lack of proper faucets makes the lavatory difficult or impossible for the plaintiff or any other individual with similar mobility impairments to use the lav. The resolution of this condition is readily achievable.

10.    The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of

public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's building and their facility, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

11. The foregoing violations also violate the 2004 Revised Americans with Disability Act Guidelines 9ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

12. Defendant has discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because

of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility are those which were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Nickerson Plaza to

make the facility readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA, or by closing the facility until such time as the Defendant cures its violations of the ADA.

<h2 style="text-align:center"><u>COUNT II</u><br><u>VIRGINIA STATE CLAIM (DAMAGES)</u></h2>

17. Plaintiff re-alleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs numbered 1 through 16 of this Complaint.

18. Defendant's property is a place of public accommodation under Section 51.5-44 of the Code of Virginia.

19. The architectural barriers and other accessibility barriers institute an ongoing act of discrimination against the Plaintiff as a person with a disability in violation of Section 51.5-44 of the Code of Virginia.

20. As a direct and proximate result of Defendant's intentional and negligent failure to remove its barriers to access, Plaintiff has been denied access and his civil rights have been violated.

21. Consequently, the Plaintiff seeks monetary damages from the Defendant pursuant to Section 51.5-46 of Code of Virginia for the discrimination he has experienced and continues to experience.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to

and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, and such other relief as the Court deems necessary, just and proper.

d. The Court issue a Declaratory Judgment that the Defendant has violated the Virginians With Disabilities Act and award Plaintiff monetary damages from the Defendant pursuant to Section 51.5-46 of the Code of Virginia.

Respectfully submitted,

Date: 5/16, 2014

Reed S. Tolber, Esq., VA Bar No. 66015
THE LAW OFFICES OF REED STEWART TOLBER P.A.
P.O. Box 5264
Charlottesville, VA 22905
(434) 295-6659; (866) 345-1901 - Facsimile
reedtolber@gmail.com

Lawrence A. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199; (305) 893-9505 - Facsimile
lfuller@fullerfuller.com

Counsel for Plaintiff Kenneth R. Flaum